**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 06-2168

ZYBER NESIMI,

Petitioner,

v.

ALBERTO GONZALES, ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella and Lipez, Circuit Judges,
and Stafford,* Senior District Judge.

Andrew P. Johnson and Law Offices of Andrew P. Johnson, P.C.,
on brief for petitioner.
Lindsay L. Chichester, Attorney, Office of Immigration
Litigation, Civil Division, U.S. Department of Justice, Peter D.
Keisler, Assistant Attorney General, and James A. Hunolt, Senior
Litigation Counsel, on brief for respondent.

May 31, 2007

---

*Of the Northern District of Florida, sitting by designation.

**Per Curiam**. Petitioner, Zyber Nesimi ("Nesimi"), seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") to deny Nesimi's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Finding no merit to Nesimi's arguments, we affirm the BIA's order and deny the petition for review.

## I.

Nesimi is a native and citizen of Albania who entered the United States on May 20, 2003, at Miami, Florida, using a fraudulent Italian passport. Approximately one year after he entered the country, Nesimi filed an application for asylum with the Department of Homeland Security ("DHS"). After Nesimi was interviewed by an asylum officer, the DHS referred Nesimi's application to the Immigration Court, which promptly placed Nesimi in removal proceedings by issuing him a notice to appear. Nesimi was charged with being removable as an immigrant who did not possess a valid entry document at the time of admission.

At an initial hearing before the IJ, Nesimi conceded removability as charged, renewed his application for asylum, and requested withholding of removal, protection under CAT, and, in the alternative, voluntary departure. After a merits hearing, the IJ denied all of Nesimi's requests for relief. Although the IJ found Nesimi to be generally credible, accepting as truthful his

-2-

testimony about politically-motivated beatings and threats, she nonetheless found that Nesimi failed to establish either past persecution or a well-founded fear of future persecution sufficient to give rise to eligibility for asylum. In addition, the IJ denied Nesimi's requests for withholding of removal and protection under CAT. The IJ also denied Nesimi's request for voluntary departure and ordered him removed to Albania, explaining that she lacked confidence that Nesimi would voluntarily depart based on his history of using elaborate and deceptive means to gain admission to the United States.

The BIA dismissed Nesimi's appeal. The BIA first found that, even if the detentions and beatings experienced by Nesimi constituted persecution on account of his political opinion, the presumption of a well-founded fear of persecution in the future was satisfactorily rebutted under 8 C.F.R. § 1208.13(b)(1)(i)(A) by documentary evidence demonstrating a fundamental change in circumstances in Albania. The BIA next found that the harm suffered by Nesimi, even if persecutory, was not so severe as to constitute a compelling reason under 8 C.F.R. § 1208.13(b)(1)(iii)(A) to grant asylum in the absence of a well-founded fear of persecution. The BIA further found that, by failing to satisfy the lower burden of proof required for asylum, Nesimi necessarily failed to satisfy the similar but higher burden of proof required for withholding of removal. Finally, the BIA

found that Nesimi failed to establish eligibility for CAT protection because he failed to demonstrate that it was more likely than not that he would be tortured if removed to Albania.

In finding a change in circumstances in Albania, the BIA relied on three documents issued by the United States Department of State: (1) Albania: Profile of Asylum Claims and Country Conditions (2004) ("2004 Profile"); (2) Albania: Country Reports on Human Rights Practices—2002 (2003) ("2002 Country Report"); and (3) Albania: Country Reports on Human Rights Practices—2003 (2004) ("2003 Country Report"). Together, these reports reveal that politically-motivated violence in Albania has decreased significantly in recent years. The 2004 Profile, for example, states:

> [T]here have been no major outbreaks of political violence since 1998, and the available evidence suggests that neither the Government nor the major political parties engage in policies of abuse or coercion against their political opponents. Though serious political repression existed in the past, there are no indications of systemic political persecution in Albania at the present time.

2004 Profile at 3. The 2004 Profile also reveals that local elections in 2000 were carried out in a calm and orderly manner with very few incidents of violence, that parliamentary elections in 2001 involved isolated cases of police harassment but no systemic or organized mistreatment, and that municipal elections in 2003 "were generally free of violence and considered the most

transparent in Albania's short democratic history, with no police interference." Id. at 5. The 2002 and 2003 Country Reports paint a similar picture of widely improving conditions, with no confirmed cases of detainees being held strictly for political reasons, no confirmed cases of political killings by the Government or its agents, and no reports of politically-motivated disappearances. 2002 Country Report at 2, 4; 2003 Country Report at 1, 2, 5.

## II.

Our review, directed to the BIA's decision, is *de novo* on questions of law but deferential as to factual findings. Mukamusoni v. Ashcroft, 390 F.3d 110, 119 (1st Cir. 2004). Under the deferential standard, a reviewing court must accept the BIA's factual findings if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). In effect, we will not set aside the BIA's factual findings unless "the record evidence would compel a reasonable factfinder to make a contrary determination." Guzman v. INS, 327 F.3d 11, 15 (1st Cir. 2003). This deferential standard applies not only to asylum claims but also to withholding of removal and CAT claims. Settenda v. Ashcroft, 377 F.3d 89, 93 (1st Cir. 2004).

An asylum applicant bears the burden of proving that he is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of

race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An applicant may meet this burden either by demonstrating a well-founded fear of future persecution based on one of the five statutory grounds, or by establishing that he has suffered past persecution, in which case he is entitled to a rebuttable presumption of a well-founded fear of future persecution.[1] 8 C.F.R. § 208.13(b)(1). If the presumption arises, the burden shifts to the DHS to prove either that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in the applicant's country of nationality" or that "the applicant could avoid future persecution by relocating to another part of the applicant's country of nationality." Id. at § 208.13(b)(1)(i)(A)-(B); see also Orelien v. Gonzales, 467 F.3d 67, 71 (1st Cir. 2006). Here, based largely on State Department reports of country conditions, the BIA found that the record evidence demonstrated a fundamental change in circumstances in Albania.

To reverse the BIA's factual finding regarding changed circumstances, this court must find that a "reasonable adjudicator

---

[1]The BIA may also, in its discretion, grant asylum to an alien who demonstrates "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution." 8 C.F.R. § 208.13(b)(1)(ii). The BIA in this case denied such a discretionary grant of asylum, and that denial has not been challenged by Nesimi.

would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Tota v. Gonzales, 457 F.3d 161, 165 n.8 (1st Cir. 2006) (noting that "[f]indings as to changed circumstances are usually factual determinations"). Unfortunately for Nesimi, the evidence in this case falls far short of compelling a conclusion that country conditions in Albania have not undergone a fundamental change since Nesimi left the country.

While not binding, State Department country reports and profiles are "generally probative of country conditions" and may, in themselves, be sufficient to rebut the presumption of future persecution. Chreng v. Gonzales, 471 F.3d 14, 22 (1st Cir. 2006). Indeed, in the case of Albania, this court has on a number of occasions concluded that State Department reports constituted substantial evidence supporting the BIA's conclusion that country conditions in Albania had improved to the point that any presumption of a well-founded fear of future prosecution based on political opinion was successfully rebutted. See Alibeaj v. Gonzales, 469 F.3d 188, 192 (1st Cir. 2006) (finding the State Department's 2003 Country Report sufficient to show that circumstances had changed in Albania "so fundamentally since Alibeaj left in 2001 as to obviate her otherwise well-founded fear of future persecution"); Tota v. Gonzales, 457 F.3d at 167 (finding the government's submission of the 2004 State Department Profile of Asylum Claims sufficient to rebut Albanian petitioner's presumptive

well-founded fear of future persecution); Bollanos v. Gonzales, 461 F.3d 82, 86 (1st Cir. 2006) (upholding BIA's denial of asylum where BIA submitted the State Department's 2003 Country Report and 2004 Profile to demonstrate changed circumstances in Albania).

Nesimi contends that the BIA erred by relying on the State Department reports of changed country conditions. He suggests that the country reports are general in nature and, therefore, do not adequately rebut his own showing of "specific personal danger." He maintains that the BIA wrongly overlooked the State Department's conclusion that "Albania remains a country with a high degree of organized crime, corruption, serious—but declining—problems with trafficking in persons, and often inadequate police protection for the vulnerable." 2004 Profile at 3; see Bollanos, 461 F.3d at 86 (explaining that "a high incidence of police misconduct, if not directed at a protected class of people, does not prove eligibility for asylum"). He points to nothing, however, that would compel a finding that, with regard to political repression, country conditions in Albania have not changed for the better.

Although he has a wife, five sisters and three brothers who continue to live in Albania, including a brother active in the same political party with which Nesimi was involved, Nesimi offered no evidence that any of these individuals has been persecuted on protected grounds since he left Albania in 2003. He offered no

background materials to counter the information provided in the State Department reports, and he offered nothing to suggest that, at the present time, serious political repression exists in Albania.

Because substantial evidence supports the BIA's conclusion that, even if Nesimi suffered from past politically-motivated persecution, any fear of future persecution is not well-founded based on the changed conditions in Albania, we must affirm the BIA's denial of Nesimi's asylum application.

### III.

An individual seeking protection under CAT must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "For an act to constitute torture . . . it must be: (1) an act causing severe physical or mental pain or suffering; (2) intentionally inflicted; (3) for a proscribed purpose; (4) by or at the instigation of or with the consent or acquiescence of a public official who has custody or physical control of the victim; and (5) not arising from lawful sanctions." Elien v. Ashcroft, 364 F.3d 392, 298 (1st Cir. 2004); see also 8 C.F.R. 1208.18(a)(2) (providing that "torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture").

Nesimi contends that the BIA erred by failing to consider

his CAT claim independently from his asylum and withholding claims. The record, however, belies Nesimi's contention. While the BIA did not elaborate on Nesimi's CAT claim, it specifically stated that the claim was denied because Nesimi "has not demonstrated that it is more likely than not that he would be tortured for any reason if removed to Albania." BIA Decision at 2. The BIA thus used the correct more-likely-than-not standard for CAT claims, which is not the same standard used for asylum or for withholding of removal claims. That the BIA did not elaborate about why it found that Nesimi failed to make a more-likely-than-not showing of future torture does not mean—as Nesimi suggests—that the BIA improperly conflated the different standards.

## IV.

Because we find that the BIA's conclusions were supported by substantial evidence, we AFFIRM the BIA's decision and DENY Nesimi's petition for review.